Next case on for argument is United States v. Ahua. Don't start yet. Please. Mr. Nelson. May it please the court. My name is David Nelson. I represent the government in this matter, your honors. Judge Hall was well within her discretion when she assessed a $200,000 civil penalty for the violations of the Controlled Substances Act in this case. At the hearing and damages after Dr. Ahuja admitted his culpability, Judge Hall heard that Dr. Ahuja had lost approximately 5,300 Xanax pills, approximately 630 Vicodin pills, testosterone. Is there anything beyond your brief that you want to tell us? Well, your honor, only to address arguments that the plaintiff raised, but I mean, unless the court has questions, I'm happy to rely on my brief. I think that in terms of the argument that the defendants made about the idea that Judge Hall needed to find willfulness, I think this court's decision in advance pharmaceuticals forecloses that because in this court's decision they said the court may look at in assessing the penalty good faith or bad faith. And the language in the statute does not require a willfulness intent. So I think that argument is foreclosed by the court's decisions here. I think when we look at the court's overall exercise of her discretion and the evidence that was presented below, I think the court was well within the discretion to assess a $200,000 penalty. That's all in your brief. Is there anything beyond your brief? No, your honors. I think that will do it then. Thanks, Mr. Nelson. Thank you. We'll reserve decision in this case. I guess before closing the file, you don't have to come back up, Mr. Nelson, but I will note just on the record of these proceedings that Dr. Ahuja intended to be represented or at least gave us notice he was going to be represented by an attorney in this case and that person was unable to make it today. Which we just got notice of. But we will deem the case submitted and get you a decision in due course. So, thank you.